THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  DELLA W. EDRINGTON, et al.,

11              Plaintiffs,

12      v.

13  HOLLAND AMERICA LINE, N.V., et
    al.,
14

15              Defendants.

16

C21-280 TSZ
Action filed: March 4, 2021

**STIPULATED PROTECTIVE
ORDER**[1]

17

18      1.    PURPOSES, LIMITATIONS AND GOOD CAUSE

19      1.1   Purposes and Limitations

20          As the parties have represented that discovery in this action is likely to

21  involve production of confidential, proprietary, or private information for which

22  special protection from public disclosure and from use for any purpose other than

23  prosecuting this litigation may be warranted, this Court enters the following

24

25  _____

26  [1] Counsel for Defendants are engaged in discovery in multiple cases in this district and the Central
    District of California.  This proposed protective order is substantively similar to the protective
    order entered in *Hook, et al. v. Holland America Line N.V., et al.*, 2:20-cv-01009-TSZ (W.D.
27  Wash.), and it is based on one of the model protective orders provided by Magistrate Judge
    Jacqueline Chooljian of the Central District of California.  The parties acknowledge that this
28  agreement is consistent with Local Civil Rule 26(c).

Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Local Civil Rule 5(g) and with any pertinent orders of the assigned District Judge and Magistrate Judge.

### 1.2    Good Cause Statement

This action is likely to involve personal medical information, financial records, and trade secrets .  In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential for tactical reasons and without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

### 2.    DEFINITIONS

2.1    Action:   The instant action:  *Edrington, et al., v. Holland America Line NV, et al.*, 2:21-cv-00280-TSZ (W.D. Wash.).

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.7     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel:  attorneys who are employees of a party to this Action or its affiliates, including their support staff.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

PROTECTIVE ORDER
C21-280 TSZ

ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana St., Ste. 400 Houston, TX 77002, (713) 576-2400

4

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  <u>DESIGNATING PROTECTED MATERIAL</u>

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific documents and things that qualify under the appropriate standards.  To the extent that it is not unreasonably burdensome, the Designating Party  should designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

1     If it comes to a Designating Party's attention that information or items that it
2  designated for protection do not qualify for protection, that Designating Party must
3  promptly notify all other Parties that it is withdrawing the inapplicable designation.

4     5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
5  this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise
6  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
7  under this Order must be clearly so designated before the material is disclosed or
8  produced.

9     Designation in conformity with this Order requires:

10     (a)  for information in documentary form (e.g., paper or electronic
11  documents, but excluding transcripts of depositions), that the Producing Party affix
12  at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
13  ATTORNEYS' EYES ONLY" to each page that contains protected material.  If
14  only a portion or portions of the material on a page qualifies for protection, the
15  Producing Party also must clearly identify the protected portion(s) (e.g., by making
16  appropriate markings in the margins), to the extent that it is not unreasonably
17  burdensome to do so.

18     A Party or Non-Party that makes original documents available for inspection
19  need not designate them for protection until after the inspecting Party has indicated
20  which documents it would like copied and produced. During the inspection and
21  before the designation, all of the material made available for inspection shall be
22  deemed "CONFIDENTIAL." After the inspecting Party has identified the
23  documents it wants copied and produced, the Producing Party must determine which
24  documents, or portions thereof, qualify for protection under this Order.  Then,
25  before producing the specified documents, the Producing Party must affix the
26  "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
27  ONLY" legend to each page that contains Protected Material.  If only a portion or

28  PROTECTIVE ORDER                           ARNOLD & PORTER KAYE SCHOLER LLP
   C21-280 TSZ                          700 Louisiana St., Ste. 400 Houston, TX 77002, (713) 576-2400

portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent that it is not unreasonably burdensome to do so

(b)  for testimony given in depositions, such testimony is preferably designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" during the course of the deposition when appropriate, but nevertheless shall be provisionally designated as "CONFIDENTIAL" in its entirety until 30 calendar days after receipt of the final transcript have past (or a date otherwise agreed by the parties), by which time each Party shall provide to the other Party an identification of any changes or additions to the portions of the transcript that it designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  The Parties further agree, pursuant to Federal Rule of Civil Procedure 30(e), that any deponent may review and sign their deposition transcript within 30 calendar days of the party receiving the transcript.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), to the extent that it is not unreasonably burdensome to do so.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Civil Rule 37.

6.3      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party or its affiliates to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information

unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)  Plaintiffs to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the House Counsel of the Receiving Party or its affiliates to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action by another Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

PROTECTIVE ORDER
C21-280 TSZ

ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana St., Ste. 400 Houston, TX 77002, (713) 576-2400

12

(c)  If a Non-Party represented by counsel fails to commence the process called for by Local Civil Rule 37, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR
      OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 5-g and with any pertinent orders of the assigned District Judge and Magistrate Judge.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless (a) otherwise instructed by the court or (b) if the Receiving Party receives notice from the Designating Party that it intends to seek reconsideration of the court's order denying the request to file the Protected Materials under seal and such motion for reconsideration is filed prior to the time limit imposed by the court for filing the information in the public record.

12.4    Redaction of Protected Material Containing Personal Confidential Information Before Filing.  The Parties contemplate that they may produce Protected Material that contains individual's personal confidential information pursuant to the terms of this Order.  Prior to filing any such Protected Material in

1  any Court, the filer must comply with Local Civil Rule 5.2-1 and Federal Rule of

2  Civil Procedure 5.2 by redacting any sensitive and private information, including

3  but not limited to personal identifying information on any medical records, passport

4  numbers, driver license numbers, full home addresses, and financial account

5  numbers.

6        13.    <u>FINAL DISPOSITION</u>

7        After the final disposition of this Action, as defined in Section 4, within 60

8  days of a written request by the Designating Party, each Receiving Party must return

9  all Protected Material to the Producing Party or destroy such material.  As used in

10  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

11  summaries, and any other format reproducing or capturing any of the Protected

12  Material.  Whether the Protected Material is returned or destroyed, the Receiving

13  Party must submit a written certification to the Producing Party (and, if not the same

14  person or entity, to the Designating Party) by the 60-day deadline that (1) identifies

15  (by category, where appropriate) all the Protected Material that was returned or

16  destroyed and (2) affirms that the Receiving Party has not retained any copies,

17  abstracts, compilations, summaries or any other format reproducing or capturing any

18  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

19  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

20  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

21  reports, attorney work product, and consultant and expert work product, even if such

22  materials contain Protected Material.  Any such archival copies that contain or

23  constitute Protected Material remain subject to this Protective Order as set forth in

24  Section 4.

25

26

27

28  PROTECTIVE ORDER
C21-280 TSZ

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:                           MOURE LAW, PLLC
                                 By: */s/Charles Moure*_____
                                     Charles P. Moure
                                 Charles P. Moure (SBN No. 23701)
                                 charles@mourelaw.com
                                 1521 Second Avenue, Suite 1400
                                 Seattle, WA 98101
                                 Telephone: (206) 300-2351
                                 Facsimile: (206) 374-2293

                                 *Attorneys for Plaintiffs*

DATED:                           ARNOLD & PORTER KAYE SCHOLER LLP
                                 By: */s/Christopher M. Odell*_____
                                     Christopher M. Odell
                                 Christopher M. Odell (TX SBN 24037205)
                                 Admitted Pro Hac Vice
                                 christopher.odell@arnoldporter.com
                                 700 Louisiana Street, Suite 4000
                                 Houston, TX 77002
                                 Telephone:  (713) 576-2400
                                 Facsimile:   (713) 576-2499

                                 *Attorneys for Defendants*

IT IS SO ORDERED.

DATED:  January 18, 2022

_____
Thomas S. Zilly
United States District Judge

1
2

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3
4
5
6
7
8
9
10
11
12
13
14

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Edrington, et al., v. Holland America Line N.V., et al.*, 2:21-cv-00280-TSZ (W.D. Wash.).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

15
16
17
18

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

19
20
21

Date: _____

22

City and State where sworn and signed: _____

23
24

Printed name: _____

25
26

Signature: _____

27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of January 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Honorable Thomas S. Zilly and serve it on all associated counsel.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

*s/Sherry L. Collin*
Sherry L. Collin, Secretary
Attorneys for DEFENDANTS
Flynn, Delich & Wise LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831-1800
Telephone:  (562) 435-2626
Email: sherryg@fdw-law.com

PROTECTIVE ORDER
C21-280 TSZ

ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana St., Ste. 400 Houston, TX 77002, (713) 576-2400

18